White, J.
Neither branch of the general assembly can .alone appropriate money from the treasury. The constitution provides that: “No money shall be drawn from the treasury, •except in pursuance of a specific appropriation made by law.” Art. 2, §22.
The specific appropriation in the present case was made by the appropriation act of April 15, 1880.’ (77 O. L. 215.) ‘That act appropriated $500 for the “ contingent expenses •of the two houses,” and it is conceded that of the fuud thus *326 appropriated, there remains unexpended more than sufficient, to pay the demand of the relator.
Where a fund is provided by law for the contingent expenses of either branch of the general assembly, the disbursement; of the fund for such purposes is subject to the control of such, branch. The passage of the resolution now in question came within the discretion and authority thus vested in the house of representatives; and the relator, having performed the services required by the resolution, is entitled to be paid out of the fund appropriated for the payment of the contingent expenses of the house.
This case is not affected by section 29 of article 2 of the-constitution.
There is no question of the allowance of extra compensation for past services in the case; nor is the claim one, the subject-matter of which was not provided for by pre-existing law. The subject-matter of the claim was provided for in the appropriation act of April 15,1880, and by the resolution of the house of the succeeding day; and the services were performed after they were authorized.

Peremptory writ a/wa/rded.